

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

# LETTER OPINION

January 25, 2008

Andrew Calcagno
Calcagno & Associates, LLC
213 South Avenue East
Cranford, NJ 07016
   (*Attorney for Plaintiff*s)

Michael Stone
The Stone Law Group
20 Glenview Drive
Warren, NJ 07059
   (*Attorney for Defendant Freddie Mitchell Jr.*)

Gary Spagnola
Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan, PC
1011 Route 22 West, Suite 300
P.O. Box 6881
Bridgewater, NJ 08807
   (*Attorney for Defendants Richard McDonough and Brian Maglio*)

David Cohen
Saiber, Schlesinger, Satz & Goldstein, LLC
1 Gateway Center 13th  Flr.
Newark, NJ 07102
   (*Attorney for Defendant Borough of Roseland*)

   Re:   *Foley v. Mitchell*
         Civil Action No. 04-282 (WJM)

Dear Litigants:

   This matter comes before the Court on Defendants' motion for reconsideration of the Court's November 16, 2007 Order dismissing the parties' summary judgment motions for failure to comply with the Court's June 26, 2007 Scheduling Order.  Plaintiffs oppose Defendants' motion for reconsideration.  There was no oral argument.  Fed. R. Civ. P. 78.

After careful consideration of the parties' submissions, Defendants' motion for reconsideration is denied.

## I.  BACKGROUND

Discovery in this case has been ongoing since 2004.  After numerous discovery extensions were granted to the parties, the Court set a May 11, 2007 deadline for the filing of dispositive motions.  (Docket Entry # 36.)  Upon Defendants' requests, Magistrate Judge Mark Falk granted two additional extensions of time for the filing of dispositive motions.  (Docket Entry # 39, 41.)  Judge Falk set forth in his June 26, 2007 Second Amended Scheduling Order ("Scheduling Order") a final deadline of August 16, 2007 for filing dispositive motions.  (Docket Entry # 41.)

It appears that a minor discovery dispute arose among the parties.  (Docket Entry # 49, 50.)  One day before the deadline for filing dispositive motions, Defendants faxed a letter to Judge Falk requesting that Judge Falk "change [the August 22, 2007 telephone status conference] to an in person conference for the reasons which follow."  (Docket Entry # 49 Tab 7.)  One reason cited by Defendants was the inability of the parties to resolve certain discovery issues which Defendants felt were "critical to [their] ability to prepare the certified statement of material facts which [they] were directed to prepare by Judge Martini and which [they] intend to submit in support of dispositive motions." (Docket Entry # 49 Tab 7.)  Judge Falk did not grant the request, but he did hold a telephone status conference on August 21, 2007.  The Court notes significantly that subsequent to Defendants' August 15, 2007 letter, Judge Falk issued no orders to amend, modify, or nullify the Scheduling Order.  This is consistent with the fact that no party requested a further extension of the filing of dispositive motions.

Despite the Scheduling Order, Defendants untimely filed their motions for summary judgment on November 5, 2007.  The motions, including Plaintiffs' cross-motion for summary judgment, were dismissed by the Court as a sanction under Rule 16(f) for failure to abide by the Scheduling Order.  Defendants now seek a reconsideration of the Court's dismissal order and argue that their summary judgment motions were filed timely or, alternatively, not willfully untimely.  Specifically, they argue that Judge Falk modified the Scheduling Order, and thus, their reliance on an undetermined filing deadline was justified.

## II.  DISCUSSION

A motion for reconsideration allows district courts to "correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  In this district, a motion for reconsideration is generally governed by L.

Civ. R. 7.1(i).[1]  A motion under Local Rule 7.1(i) requires that the parties set forth "concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  To prevail on a motion for reconsideration, the moving party must demonstrate that: (1) "[a]n intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993)(citations omitted); *see also Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citations omitted).

In this case, Defendants cannot meet the threshold for the extraordinary remedy governed by L. Civ. R. 7.1(i).  First, Defendants do not (1) cite to any change in controlling law, (2) reveal any evidence that was not previously available to the parties, or (3) direct the Court's attention to any errors of law.

Second, the equities in this case do not favor a grant of reconsideration.  There is no indication, and the parties do not argue, that Judge Falk set forth an alternative deadline for the filing of dispositive motions.[2]  It appears from the arguments presented in Defendants' motion for reconsideration that Defendants assumed that they could unilaterally disregard a court-imposed scheduling order due to their difficulty with certain discovery-related issues.  Although there would be minimal prejudice to the parties by allowing the submission of summary judgment motions, the Court finds that further delay in this protracted case would be inadvisable and is not warranted by Defendants' actions.  Defendants were aware of the deadline for filing dispositive motions, failed to request an appropriate extension of the deadline as they had on prior occasions, and took it upon themselves to modify the

---

[1] The parties mistakenly rely upon Fed. R. Civ. P. 60(b) in their moving papers.  Rule 60(b) provides relief from a <u>final</u> judgment, order, or proceeding for certain enumerated reasons.  An analysis of reconsideration under Rule 60(b) would be inappropriate in this case since the Court's dismissal of the summary judgment motions is not an independently "final" decision of the Court subject to relief under Fed. R. Civ. P. 60(b).  *See Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 124-25 (3d Cir. 2004).

[2] Defendants assert that five days after the expiration of the filing deadline for dispositive motions, Judge Falk during an August 21, 2007 telephone conference "advised the parties that the Court would set a new deadline for filing dispositive motions at the subsequent September 17, 2007 (later re-scheduled by the Court to September 27th) conference call." Defs.' Reply Br. 2.  The Court finds that (1) Judge Falk never noted this change in deadline despite the passage of several months, and (2) even if Judge Falk had so advised the parties, which this Court cannot confirm, it did not change the fact that the parties had not sought, nor obtained, an appropriate extension of the filing date prior to its expiration.  The facts before the Court suggest that there was likely some mutual understanding among the litigating parties regarding the extension of the filing date.  This agreement, however, cannot be a reasonable basis to willfully disregard the time limitations set forth in a court's scheduling order.  *See e.g., Chiropractic Alliance of New Jersey v. Parisi*, 164 F.R.D. 618, 619 (D.N.J. 1996).

scheduling order without seeking leave of the Court.  Defendants' willful disregard of the Court's deadlines is not a sufficient or appropriate reason to justify reconsideration.

The Court notes that the parties are not prejudiced by the dismissal of the summary judgment motions.  The parties will have their day in court, and the case will proceed on the strength of its substantive merits.

## III.   CONCLUSION

After careful consideration of the parties' submissions, the Court will **DENY** Defendants' motion for reconsideration of the Court's dismissal of the untimely summary judgment motions.


                                                         s/William J. Martini  
                                                         **William J. Martini, U.S.D.J.**